# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DYNAPASS IP HOLDINGS LLC § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00210-JRG-RSP |
| § | |
| BANK OF AMERICA CORPORATION, § | |
| BANK OF AMERICA, N.A., § | |
| § | |
| *Defendants.* § | |

## FINAL JUDGMENT

Before the Court is the Joint Stipulation of Non-Infringement and Motion for Entry of Final Judgment (the "Motion") filed by Plaintiff Dynapass IP Holdings LLC ("Plaintiff") and Defendants Bank of America Corporation and Bank of America, N.A. (collectively, the "Defendants") (together, the "Parties"). (Case No. 2:22-cv-00212, Dkt. No. 351.)

In the Motion, Plaintiff stipulates to non-infringement as to Defendants as regards U.S. Patent No. 6,993,658 ("the '658 Patent") in light of the Court's Claim Construction Order (Dkt. No. 120) as it relates to "password" as adopted by the Court at Dkt. No. 189. (Case No. 2:22-cv-00212, Dkt. No. 351 at 5.) Plaintiff further stipulates that it cannot meet its burden of proving infringement of any claim of the '658 Patent as against the Defendants. (*Id.*) This is because under the Court's construction the accused products separately receive what Plaintiff alleges to meet the "passcode" and "token" limitations and therefore do not "receiv[e] the password" that is a combination of at least a "passcode" and a "token." (*Id.*) As a result, the Parties stipulate that a final judgment of non-infringement of all asserted claims (claims 1–7) of the '658 Patent should be entered in favor of Defendants with respect to Plaintiff's claims of patent infringement and as regards the Defendants' counterclaims for declaratory judgment of non-infringement of the '658 Patent. (*Id.*)

The Court notes that the Parties also stipulate to the dismissal of the Defendants' defenses and counterclaims for declaratory judgment of invalidity of the '658 Patent without prejudice to the Defendants' rights to reassert its defenses and counterclaims in this action, including for declaratory judgment of invalidity and non-infringement, if the United States Court of Appeals for the Federal Circuit should remand from this Final Judgment.  (*Id.* at 5-6.)

In light of these stipulations, the Parties move under Rule 54(b) of the Federal Rules of Civil Procedure for a final judgment of non-infringement of all asserted claims (claims 1–7) of the '658 Patent with respect to Plaintiff's claims of patent infringement and the Defendants' counterclaims for declaratory judgment of non-infringement of the '658 Patent.  (*Id.* at 6.) The Parties further move under Rule 41(a)(2) and Rule 41(c) of the Federal Rules of Civil Procedure for an order dismissing the Defendants' defenses and counterclaims for declaratory judgment of invalidity of the '658 Patent without prejudice to the Defendants' rights to reassert their defenses and counterclaims in this action, as noted above. (*Id.* at 6-7.)  To the extent that the United States Court of Appeals for the Federal Circuit remands from this Final Judgment, Plaintiff stipulates and agrees not to reassert (i) any claim of patent infringement of claim 5 of the '658 Patent; and (ii) any claim of infringement of the SafePass product. (*Id.* at 7.)

Having considered the Motion, and noting its joint nature, the Court finds that the Motion (Case No. 2:22-cv-00212, Dkt. No. 351) should be and hereby is **GRANTED**.  Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and in accordance with the Motion, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. The Defendants have not infringed any claims (claims 1–7) of U.S. Patent No. 6,993,658.
2. Plaintiff shall take nothing from the Defendants.

3. All of the Defendants' defenses, as well as their counterclaims for declaratory judgment of invalidity of U.S. Patent No. 6,993,658, are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2) and Rule 41(c) of the Federal Rules of Civil Procedure.

4. This Judgment is **FINAL** and **APPEALABLE** under Rule 54(b) of the Federal Rules of Civil Procedure.

5. This case shall remain **STAYED** pending disposition of any appeal of this Final Judgment by Plaintiff. Pursuant to Fed. R. Civ. P. 54(b), the Court expressly finds there is no just reason for delaying entry of this Final Judgment. If Plaintiff does not file a timely appeal of this Final Judgment, the stay shall terminate automatically. If this Final Judgment is affirmed on appeal, the stay shall terminate automatically upon the issuance of the mandate of the United States Court of Appeals for the Federal Circuit.

6. If the United States Court of Appeals for the Federal Circuit remands this Final Judgment, the Defendants may reassert any and all of their defenses and counterclaims in this action, as noted above.

7. Subject to appeal, each party should bear their own costs, fees, and expenses.

**So ORDERED and SIGNED this 29th day of October, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

3